GARNET E. BAILEY and KATHERINE P. BAILEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bailey v. Commissioner
Docket No. 3969-78.
United States Tax Court
T.C. Memo 1984-610; 1984 Tax Ct. Memo LEXIS 60; 49 T.C.M. (CCH) 141; T.C.M. (RIA) 84610; November 21, 1984. *60 Held, traveling expense deduction denied because the expenditures were not made while away from home. Heldfurther, employee business expenses and other business deductions determined. C. Frederick Bent, III, for the petitioners. Maureen T. O'Brien, for the respondent. NIMS MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1974
$6,227.00
1975
2,690.44
Prior to trial, the parties settled all issues in dispute for the 1975 taxable year and agreed to a deficiency in tax in the amount of $682.60 for that year. After additional concessions, the following issues *63 for the 1974 taxable year remain for decision: (1) whether petitioners are entitled to deduct $4,194.00 of expenses for travel away from home; (2) whether petitioners are entitled to deduct $4,097.00 of employee business expenses; and (3) whether petitioners properly deducted $4,026.00 of besiness expenses on Schedule C of their income tax return. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners Garnet E. Bailey and Katherine P. Bailey, husband and wife, resided at Lynnfield, Massachusetts, at the time their petition was filed. Garnet E. Bailey (Bailey) began playing professional hockey in 1967 for various farm teams of the Boston Bruins. He eventually become a permanent member of the Boston Bruins team. During the 1972-1973 hockey season, the Boston Bruins traded Bailey to the Detroit Hockey Club, Inc. (Detroit Red Wings).On October 4, 1973, Bailey signed a standard National Hockey League player's contract with the Detroit Red Wings for a term of five years. The contract required Bailey to report to the team at the *64 beginning of training camp in good physical condition. In addition, Bailey agreed to be bound by the provisions of the contract if he were traded to another professional hockey team. On February 14, 1974, the Detroit Red Wings traded Bailey to the St. Louis Blues Hockey Club, Inc. (St. Louis Blues). The St. Louis Blues assumed the five-year contract that Bailey had signed with the Detroit Red Wings. He immediately began playing for the St. Louis Blues. In 1972, petitioners had purchased a home in Lynnfield, Massachusetts (a Boston suburb), not anticipating that the Boston Bruins might trade Bailey. Shortly before the regular hockey season began in the fall of 1973, petitioners moved to Detroit and rented a furnished home there. Bailey's sister-in-law moved into petitioners' house in Lynnfield to maintain it while they were absent. Petitioners subsequently moved to St. Louis after Detroit traded Bailey on February 14, 1974. Petitioners assumed a short-term lease on an apartment in St. Louis from one of the players for whom Bailey had been traded. After the regular hockey season ended in the spring of 1974, petitioners returned to their home in Massachusetts for *65 the off-season. On their 1974 Federal income tax return, petitioners deducted the following amounts as temporary living expenses: Expense
Amount Deducted
Detroit: 1/1/74 - 2/13/74
Lodging
$1,650.00
Meals
375.00
Cabs, taxis, misc.
174.00
St. Louis: 2/14/74 to 4/5/74
Lodging
1,225.00
Furniture rentals
301.00
Utilities
339.00
Auto rentals
130.00
Total:
$4,194.00
For 1974, petitioners also deducted $21,372 of employee business expenses. The following amounts of those expenses are in dispute: Item
Amount
Telephone on road
$ 301.00
Gasoline auto [1]
850.00
Sports tickets
100.00
Equipment (off-season conditioning)
1,160.00
Road costs
1,686.00
Total:
$4,097.00
During the off-season in Massachusetts, Bailey participated in numerous charitable softball games and golf tournaments with players from his former hockey team, the Boston Bruins. Bailey was also briefly employed by two local area hockey instruction schools. On Schedule C of their 1974 income tax return, petitioners reported $800 of gross income from *66 the two hockey schools. The principal business activity shown on the Schedule C is "promotions" and "hockey instruction." The following amounts were deducted by petitioners on Schedule C of the 1974 return and subsequently disallowed by respondent: Item
Amount
Depreciation
$ 850.00
Gym and Office in home
1,735.00
Telephone
766.00
Business auto
675.00
Total
$4,026.00 The depreciation claimed by petitioner on Schedule C of their 1974 return was computed as follows: a. Description
Date
Depreciation
Depreciation
of property
b. Acquired
c. Cost
d. Method
e.Life
f. this year
Residence
(Mass.)
1972
$46,900
Straight line
20 years
$2,345
Pool
(Improvements)
1974
5,265
Straight line
5 years
1,053
Total:
$3,398
Petitioners estimated that two-eighths of the total depreciation was attributable to business use. Consequently, they deducted $850 for depreciation. The deduction of $1,735 for gym and office in home was similarily computed.Petitioners paid the stated amounts for the following items in 1974: Insurance
$ 290
Water
48
Electric
375
Gas
443
Garden
489
Repairs
1,972
Interest
3,324
Total:
$6,941
*67 Petitioners again estimated that two-eighths of the total expenditures was attributable to business use and thus deducted $1,735 for gym and office in home. OPINION Traveling Expenses
The first issue for decision is whether petitioners are entitled to deduct $4,194.00 of expenditures as traveling expenses while away from home. Petitioners argue that their tax home during the year at issue was Lynnfield, Massachusetts, and therefore the expenditures incurred while they were living in Detroit and St. Louis are deductible as traveling expenses. Petitioners argue in the alternative that the amounts expended are deductible because Bailey's employment was temporary. Respondent contends that Bailey's living expenses are nondeductible because they were not incurred while away from home, nor was Bailey's employment temporary in nature. For the following reasons, we agree with respondent. [2]
*68 Section 62(2)(B)[3] allows an employee to deduct the costs of "travel, meals, and lodging while away from home" if the costs are allowable as a deduction under section 162(a)(2). Since the costs are deductible only if incurred while away from home, the location of Bailey's tax home in 1974 must be ascertained. We believe respondent correctly determined that Bailey's tax home was in Detroit and St. Louis, respectively, during the periods of time petitioners resided in those cities. In Wills v. Commissioner,48 T.C. 308 (1967), affd. 411 F.2d 537 (9th Cir. 1969), and Stemkowski v. Commissioner,76 T.C. 252, 303-306 (1981), affd. on this issue 690 F.2d 40, 48-49 (2nd Cir. 1982), we decided the similar issue of whether the tax home of a professional athlete was the city where his team was located and *69 where he lived during the regular season or the city in which he maintained a personal residence during the off-season. We held in both cases that the tax home of the athlete was the principal place of his employment or business (i.e., the city where his team was located) and thus denied a deduction for traveling expenses. The instant case is indistinguishable on this point from either Wills or Stemkowski and we consequently hold that Bailey's tax home was in Detroit and St. Louis during the periods of time petitioners resided in those cities. The claimed expenses were therefore not incurred while Bailey was away from home and thus are not deductible. Petitioners nonetheless argue that their home in Massachusetts was their "primary asset" and a "substantial investment" and thus should be considered their tax home while petitioner lived in Detroit and St. Louis.Petitioners' argument is irrelevant to our determination of their tax home and merely illustrates their personal rather than business motives in choosing to maintain a home in Massachusetts. Neither are we persuaded *70 by petitioners' argument that Bailey's employment was temporary under the provisions of his contract because he could be traded at any time. At the time petitioners were living in Detroit and St. Louis, more than four years remained on Bailey's contract. We have repeatedly held in similar situations that the possibility that an athlete may be traded does not render his employment temporary. Stemkowski v. Commissioner,supra,76 T.C. at 305-306; Gardin v. Commissioner,64 T.C. 1079, 1084 (1975). Accordingly, petitioners' deduction for traveling expenses incurred while away from home is denied. Employee Business Expenses
The next issue for decision is whether petitioners properly deducted $4,097.00 of employee business expenses. On their 1974 Federal income tax return, petitioners deducted employee business expenses in the total amount of $21,372.The following items included in that deduction remain in dispute and are separately discussed below. -- Telephone-on-Road Petitioners deducted "telephone on the road" expenses in the amount of *71 $301. Bailey allegedly incurred the telephone charges at hotels while traveling on the road during the season with the team. The only evidence introduced by petitioners to substantiate the telephone charges is a handwritten summary (prepared by Bailey's attorney) of the amounts withheld from Bailey's paychecks. The summary indicates certain miscellaneous amounts were withheld for telephone charges. The handwritten summary is inadequate substantiation of the telephone charges. Accordingly, petitioner's deduction for telephone expenses is denied. -- Gasoline Auto Petitioner deducted $850 for "gasoline auto." The amount deducted was based on Bailey's estimate of having spent $16.35 (in cash) per week for gasoline for 52 weeks. In support of this deduction, Bailety testified that the gasoline was prchased for an automobile which he used to transport himself from home to practices, the airport and hockey games. All of the automobile uses stated by Bailey constitute personal commuting trips and thus the gasoline allegedly [4] purchased is a nondeductible commuting expense. *72 Heuer v. Commissioner,32 T.C. 947, 951 (1959), affd. 283 F.2d 865 (5th Cir. 1960); Sections 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs. The deduction for gasoline auto is therefore denied.
-- Sports Tickets Petitioners also deducted $100 for sports tickets. They argue that the cost of tickets to hockey games which Bailey purchased and subsequently gave away as gifts is deductible as an ordinary and necessary business expense under section 162. We need not decide whether the tickets are a deductible expense under section 162, however, because petitioners have failed to substantiate the claimed deduction. Bailey testified he paid cash for the tickets but he could not remember how much they cost or to whom they were given. Since no other evidence was offered by petitioners to substantiate the purchase of the tickets, we accordingly sustain respondent's disallowance of petitioner's deduction for sports tickets. -- Equipment (off-season conditioning) The next item of employee business expense in dispute is the deduction *73 of $1,160 for off-season conditioning equipment. Petitioners argue that the amounts Bailey paid for equipment (and other expenses) for golf, bowling, running, baseball, tennis and other activities are deductible because his participation in those activities during the off-season was necessary to fulfill his contractual obligation to report to training camp in good physical condition. Respondent contends petitioners have failed to properly substantiate the equipment expenses and that in any event the expenditures are irrelevant to Bailey's employment. For the following reasons, petitioners' deduction for off-season conditioning equipment is denied. In Stemkowski v. Commissioner,supra, we were asked to decide the identical issue of whether a professional hockey player (a non-resident alien) could deduct the conditioning expenses incurred by him in the off-season in order to comply with his contract which required him to report to training camp in good physical condition. Because we held the conditioning expenses were allocable to the player's income from sources without the United States, we did not decide the question of whether the expenses were deductible under *74 section 162 as ordinary and necessary business expenses. Stemkowski v. Commissioner,supra at 302-303. On appeal, the Second Circuit Court of Appeals concluded that the off-season conditioning expenses were at least in part connected and thus allocable to the taxpayer's United States source income.The Court of Appeals therefore remanded the case for a determination by this Court as to whether the conditioning expenses were deductible under section 162 or nondeductible under section 262 as personal expenses. 690 F.2d at 46-47. On remand in Stemkowski, we found that the taxpayer had failed to substantiate and of the claimed off-season conditioning expenses. Stemkowski v. Commissioner,82 T.C. 854 (1984). Consequently, we again found it unnecessary to decide whether any of the claimed expenses, if incurred, were deductible as ordinary and necessary business expenses under section 162. In the instant case, we similarily find it unnecessary to decide whether the amounts deducted by petitioner as off-season conditioning expenses are an ordinary and necessary business expense under section 162 because we hold petitioners have *75 failed to substantiate the expenditures. In support of the claimed deduction, Bailey offered into evidence a memorandum sent to him by his attorney which asked him to fill in the dollar amounts for various purchases made during 1974. The purpose of the memorandum, dated January 2, 1975, was to facilitate the attorney's preparation of petitioners' 1974 income tax return. The memorandum was completed by Bailey sometime later, and subsequently returned to his attorney. The following amounts were listed as paid by Bailey under paragraph nine of the memorandum: 9. List amounts paid in 1974 for the following items: Golf shoes
$ 60.00
Bowling
$ 20.00
Golf balls
$120.00
Bowling tips
$ 5.00
Green fees
$300.00
Tennis balls
$ 20.00
Sweat suit/
Apparel
$ 30.00
Tennis shoes
$ 40.00
Running shoes
or Adidas
$ 35.00
Swim suit (4)
$ 40.00
Baseballs
Therapeutic
Baseball bat
Treatment
Baseball shoes
$ 35.00
(Massages)
$100.00
Baseball ap-
Health Club
parel
$ 25.00
Membership
$100.00
YMCA Member-
ship
Boxing Les-
sons
Basketball
Trainer fees
or tips re
Sports
$100.00
Football
Hockey equip-
Soccer ball
ment
Handballs
Other equip-
ment
$ 50.00
*76 For the following items list dates of purchases and costs: Golf Clubs
Date acquired (mo/yr)     19   Cost $220.00
Tennis Rac-
Date acquired (mo/yr)     19   Cost $ 55.00
quet
Squash Rac-
Date acquired (mo/yr)     19   Cost
quet
Exercise Cy-
Date Acquired (mo/yr)     19   Cost
cle
Bicycle
Date Acquired (mo/yr) 5 1974 Cost $125  .00
Weight Lifting Equipment.When the complete set was acquired; give breakdown by years: Date Acquired (mo/yr)     19  Cost
Date Acquired (mo/yr)     19  Cost
Date Acquired (mo/yr)     19  Cost
Other items, Boats, Skiis, Bowling Balls, etc.: Date Acquired (mo/yr)     19  Cost
Date Acquired (mo/yr)     19  Cost [5]
We find the memorandum to be inadequate substantiation of the claimed purchases. Bailey testified that the purchases were made for cash and that he had no receipts for the items listed. The *77 memorandum is thus uncorroborated. Presumably, a majority of the purported purchases would have been made during the off-season, substantially prior to when Bailey completed the memorandum. In fact, Bailey admitted at trial that the amounts listed were "just estimates out of [his] head." Petitioners nevertheless argue that three checks totaling $665.69 are evidence that the amounts at issue were actually paid. Again, we are unconvinced. The checks offered by Bailey are obviously insufficient to support the entire deduction of $1,160 and upon close examination do not even provide partial substantiation for the amount for which they were drawn. Bailey testified that a check dated April 22, 1974, payable to "Jo An-Ed" in the amount of $500, was issued for the purchase of weight equipment. No weight-lifting equipment, however, is shown on the memorandum as having been purchased by Bailey. A second check dated December 28, 1974, payable to "Ken Sample" in the amount of $50.00 was also introduced. Bailey testified that he purchased golf equipment with this check from a golf pro in St. Louis. At the time this check was issued, however, Bailey had already begun playing *78 in the next hockey season (thus eliminating the need for off-season conditioning) and in any event we find it doubtful that petitioner was playing golf in St. Louis in December.The third check, dated April 9, 1974, was made payable to "Picard-Player Sporting Goods Co." in the amount of $115.69.Bailey testified that he purchased has weights, some running shoes and sweats with this check but failed to correlate the check to any specific item listed by him on the memorandum. In sum, we hold that petitioners have failed to substantiate the amounts claimed for equipment purchases and accordingly the deduction for equipment and related expenses is denied. -- Road Costs The last item of employee business expense in dispute is a $1,686.00 deduction for road costs. While traveling on the road with either the Detroit or St. Louis hockey team, Bailey was paid approximately $21.00 per day for food and miscellaneous expenses (the teams also provided his lodging and transportation while on the road). On the memorandum sent to Bailey by his attorney, Bailey estimated that he spent approximately $40.00 a day for meals, cabs, tips and other items while on the road. Consequently, *79 he calculated that during the taxable year at issue he incurred $1,686.00 of unreimbursed road costs. Respondent argues that petitioners' deduction for unreimbursed road costs is improper because they have failed to provide the substantiation required for such costs under section 274. We agree. Section 274(d) disallow a deduction for any traveling expense (including meals) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * * [and] (B) the time and place of the travel." The memorandum prepared by Bailey for his attorney on which Bailey estimated his road costs clearly does not meet the stringent substantiation requirements set forth in section 274(d). As petitioners have offered no other evidence to substantiate the claimed costs, we consequently sustain respondent's disallowance of the deduction for road costs. Schedule C Deductions
The third issue for decision is whether respondent correctly disallowed $4,026.00 of deductions claimed by petitioners on Schedule C of their *80 income tax return. The disallowed deductions are as follows: Depreciation (home and pool)
$ 850
Gym and Office in Home
1,735
Telephone
766
Automobile
675
Total:
$4,026
Petitioners contend that the deductions are proper since they relate to one or more of the following activities: off-season conditioning expenses, Bailey's employment as a hockey player and various other business ventures in which Bailey was engaged. Respondent argues that none of the claimed expenses are ordinary and necessary business expenses. Each of the disallowed items is discussed below. -- Depreciation; Gym and Office in Home Bailey contends that during the off-season he swam laps in his pool and worked out in his garage in order to report to training camp in good physical condition. We again find it unnecessary to decide, however, whether Bailey's off-season conditioning expenditures are ordinary and necessary business expenses because petitioners have failed to properly substantiate these activities. With respect to the deductions related to petitioners' pool, we hold that the expenses are not deductible due to petitioners' failure to provide the substantiation *81 required under section 274. Section 274(d)(2) requires a taxpayer to substantiate by adequate records or by sufficient evidence "any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement or recreation." We believe the swimming pool located at petitioner's personal residence falls within the ambit of section 274(d) as it is generally considered to constitute an item of recreation. Although Bailey testified that he swam laps in the pool to condition himself, he failed to provide any documentation corroborating when these activities took place. Section 274(d)(3)(B). The only evidence offered by petitioners to substantiate Bailey's use of the pool was the testimony of his friend, David J. Lucey, Jr. Lucey testified that he observed Bailey swimming laps in the pool at various times during the summer. Lucey also stated that Bailey held parties at which other people swam in the pool. Lucey's testimony is insufficient to meet the substantiation requirements imposed by section 274(d) and merely illustrates that petitioners' *82 pool was in fact used for personal recreation. Although such personal use does not preclude the possibility that part of the cost of the pool may have been an ordinary and necessary business expense, it nevertheless underscores the need for maintaining proper records of the pool's use. Since petitioners failed to keep such records, we must disallow all deductions related to the pool. Petitioners also argue in support of the deduction of depreciation and other expenses that Bailey worked out in the garage at his home. Petitioners presented no evidence other than Bailey's own testimony to support this claim. Bailey's testimony alone is insufficient and thus no deduction is allowed. Petitioners' final argument in support of the disputed deductions is that Bailey maintained an office in his home to promote himself in various business activities. He testified that he used the office as a place to write notes and to talk to the team. Section 280A(a) provides the general rule that "no deduction * * * shall be allowed with respect to the use of a dwelling unit which is used by *83 the taxpayer during the taxable year as a residence." An exception to this general rule exists, however, to the extent that a portion of the dwelling unit is exclusively used on a regular basis by the taxpayer "as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business." Section 280A(c)(1)(B). In the recent case of Frankel v. Commissioner,82 T.C. 318 (1984), we held that section 280A(c)(1)(B) allowed a home office deduction only if a "patient, client, or customer" physically visited the taxpayer's office. None of the activities that petitioner testified to as performed in his home (answering fan mail or making telephone calls) involved the physical presence of another person. Consequently, petitioner's deduction of home office expenses is denied. [6]
*84 -- Telephone Expenses Petitioners also deducted on Schedule C $766 of telephone expenses incurred in 1974 for calls made from the residence in Massachusetts. Respondent does not dispute that Bailey paid for these calls but argues instead that petitioners have failed to show that the calls were ordinary and necessary business expenses. Bailey testified that he made numerous calls to various hockey schools which employed him during the summer. The vast majority of the calls, however, do not appear to have been made by Bailey for business reasons. Since the inexactitude is of petitioners' own making, we are required to use our own best estimate of the amount actually expended for business telephone use. We therefore hold that petitioners are entitled to a deduction in the amount of $50 for telephone expenses. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). -- Automobile Expense The last deduction in dispute on Schedule C is a $675 deduction for business use of an automobile. Petitioners computed the deduction by multiplying 4,500 miles by $ .15 per mile. Petitioners argue that the deduction is proper because Bailey used the automobile *85 to transport himself to various charitable events in which he participated during the summer (e.g., charitable softball games) and to hockey schools at which he was employed. The trips between petitioners' home and the hockey schools are non-deductible personal expenses. Heuer v. Commissioner,supra.Although a taxpayer is permitted to deduct transportation expenses incident to the performance of services for a qualified charitable organization, section 1.170A-1(g), Income Tax Regs., petitioners have neither substantiated the actual miles driven nor shown that services were provided to a qualified organization as defined in section 170(c). Petitioners' deduction for automobile expenses is therefore denied. [7]
To reflect the foregoing and concessions by the parties, Decision *86 will be entered under Rule 155.
Footnotes
1. The amount deducted for gasoline was based upon an estimate of $16.35 per week for 52 weeks.↩
2. Respondent concedes that $3,995.59 of the total amount of $4,194 claimed expenditures were actually incurred by petitioners but disputes that the balance was actually incurred. We need not decide the actual amounts expended by petitioners, however, because based on our holding, infra,↩ for respondent on this issue, any "away-from-home" traveling expenses claimed by petitioners are not deductible.
3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect for the years in question. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. No evidence was offered by Bailey to substantiate the purchases of gasoline other than his own testimony.↩
5. Although the purchases listed total $1,480, the amounts shown for golf clubs ($220) and trainer fees ($100) were not included in the off-season equipment deduction. Consequently, only $1,160 of purchases are at issue.↩
6. Petitioners neither argue nor do we find that Bailey used the office as the principal place of business for any trade or business under section 280A(c)(1)(A)↩. In addition, based on our holding we need not decide whether (with respect to activities performed by Bailey in connection with his employment by the St. Louis Blues) the office was required for the convenience of Bailey's employer.
7. Our holding disallowing petitioners' deduction for gym and office expenses does not preclude petitioners from deducting certain expenses (e.g., interest payments) if they would otherwise be allowed as a deduction. Section 280A(b); Section 274(f)↩.